UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

CHERYL ANN JONES, #231789,

    Petitioner,

v.                                    Case No. 19-13731

SHAWN BREWER,

    Respondent.

_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY**

**I. INTRODUCTION**

This is a *pro se* habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Cheryl Ann Jones ("Petitioner") pleaded guilty to second-degree murder in the Barry County Circuit Court and was sentenced to 50 to 75 years imprisonment in 1993. In her pleadings, she raises claims concerning the effectiveness of trial and appellate counsel, the validity of her sentence, the conduct of the prosecutor, and the conduct of the trial judge. After conducting a preliminary review of the case, the court ordered Petitioner to show cause why her habeas petition should not be dismissed for failure to comply with the one-year statute of limitations applicable to federal habeas actions. *See* 28 U.S.C. § 2244(d). Petitioner filed a timely response to the show cause order. Having further reviewed the case, the court concludes that the petition must be dismissed because it is untimely. No hearing is necessary for this determination. E.D. Mich. LR 7.1(f)(2).

**II. BACKGROUND**

Petitioner's conviction arises from the choking death of her mother during an argument at their home in Barry County, Michigan in November 1992. Following her conviction and sentencing, Petitioner filed an appeal with the Michigan Court of Appeals, which affirmed her conviction and sentence. *People v. Jones*, No. 166358 (Mich. Ct. App. Dec. 9, 1994).The court also denied reconsideration. *Id.* (Mich. Ct. App. Feb. 3, 1995). Petitioner filed a delayed application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Jones*, 541 N.W.2d 264 (Mich. Oct. 31, 1995) (table).

Around September 15, 2017, Petitioner filed a motion for relief from judgment with the state trial court, which was denied. *People v. Jones*, No. 92-0186-FC (Barry Co. Cir. Ct. Feb. 12, 2018). Petitioner next filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied. *People v. Jones*, No. 343397 (Mich. Ct. App. Oct. 1, 2018). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Jones*, 924 N.W.2d 558 (Mich. Apr. 2, 2019).

Petitioner dated her federal habeas petition on December 2, 2019.

**III. DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, became effective on April 24, 1996. The AEDPA includes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). "Absent equitable tolling or some other exception to the limitations period, a habeas petition filed outside the prescribed time period is subject to dismissal." *Owens v. Campbell*, No. 15-cv-12677, 2020 WL 833156, at *10 (E.D. Mich. Feb. 20, 2020) (Leitman, J.) (citing *Jurado v. Burt*, 337 F.3d 638 (6th Cir. 2003); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002)).

A preliminary question in this case is whether Petitioner has complied with the one-year statute of limitations. "[D]istrict courts are permitted . . . to consider *sua sponte*, the timeliness of a state prisoner's federal habeas petition. *Day v. McDonough*, 547 U.S. 198, 209 (2006).

3

Petitioner's conviction became final before the AEDPA's April 24, 1996, effective date. Prisoners whose convictions became final before the AEDP's effective date are given a one-year grace period in which to file their federal habeas petitions. *Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003). Thus, Petitioner had until April 24, 1997, to file a habeas petition, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner filed her motion for relief from judgment with the state trial court on or about September 15, 2017; well after the one-year period expired. A state court application for post-conviction or collateral review that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled. *Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado*, 337 F.3d at 641. The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). Petitioner did not date her federal habeas petition (for submission to prison officials for mailing) until December 2, 2019—long after the one-year period had expired. Her habeas petition is therefore untimely and subject to dismissal.

Petitioner neither alleges nor establishes that the State created an impediment to the filing of her habeas petition or that her claims are based upon newly-discovered evidence or newly-created retroactively-applicable rights which would warrant habeas relief. Her habeas petition is, therefore, untimely under 28 U.S.C. § 2244(d). Nor is Petitioner entitled to equitable tolling.

The United States Supreme Court has ruled that the habeas statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Supreme Court has further verified that a habeas petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 783–84 (6th Cir. 2010). A petitioner has the burden of demonstrating his entitlement to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner asserts that she is entitled to equitable tolling because she is bipolar and suffers from post-traumatic stress disorder and because she relied upon prison legal writers or other inmates to assist her with her legal work. A habeas petitioner's mental incompetence may constitute an extraordinary circumstance which justifies equitable tolling of the one-year period, but only if that condition prevents the timely filing of a habeas petition. *Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011). In other words, to be entitled to equitable tolling on such a basis, a habeas petitioner must show that he was mentally incompetent and that the mental impairment was the cause for the late filing. *Id.*; *Robertson v. Simpson*, 624 F.3d 781, 785 (6th Cir. 2010); *see also Plummer v. Warren*, 463 F. App'x 501, 506 (6th Cir. 2012) ("Illness—mental or physical—tolls a statute of limitations only if it actually prevents the sufferer from

5

pursuing his legal rights during the limitations period."). Furthermore, a mental impairment "might justify equitable tolling if it interferes with the ability to understand the need for assistance, the ability to secure it, or the ability to cooperate with or monitor assistance" once obtained. *Stiltner v. Hart*, 657 F. App'x 513, 521 (6th Cir. 2016) (quoting *Bills v. Clark*, 628 F.3d 1092, 1100 (9th Cir. 2010)). Petitioner does not meet this standard.

While Petitioner alleges that she is bipolar and suffers from post-traumatic stress disorder, she does not elaborate on her condition.[1] Her pleadings do not establish that she is (or was) mentally incompetent or that her mental health condition impaired her ability to pursue legal proceedings on her own behalf throughout the relevant time period, from April 1996 through April 1997, when the statute of limitations ran, or even during the 20 years since until she sought post-conviction review in the state courts in 2017. Her pleadings also do not establish that she was unable to understand the need for assistance, to secure assistance, or to cooperate with assistance during that time. She acknowledges that she obtained assistance from legal writers while incarcerated. But, Petitioner fails to show that her mental health condition was so significant throughout the relevant time period in 1996-1997, or even during the ensuing period of more than 20 years until she instituted this action, that she was unable to pursue state court remedies and seek federal habeas relief in a timely manner. "Speculation about the impact of mental illness on the ability to timely file a habeas petition is not sufficient

---

[1] Petitioner states that she requested medical records to attach to her response to the court's show cause order. As of the date of this opinion, however, she has not submitted those records. In any event, the court accepts as true Petitioner's assertion that she is bipolar and has post-traumatic stress disorder.

6

to warrant an evidentiary hearing." *McSwain v. Davis*, 287 F. App'x 450, 457-58 (6th Cir. 2008).

Petitioner also fails to demonstrate that she acted diligently to pursue her rights given that she filed her state court motion for relief from judgment more than 20 years after her criminal conviction became final and that, after the conclusion of those collateral review proceedings, she waited another eight months to file her federal habeas petition.

Additionally, the fact that Petitioner relied upon prison legal writers—who are not lawyers—to assist her does not warrant tolling, even if those individuals made mistakes or failed to take action as promised. *See, e.g., Smith v. Beightler*, 49 F. App'x 579, 580-81 (6th Cir. 2002) (habeas petitioner's claim that he was nearly blind and had to rely on other inmates did not warrant tolling); *Allison v. Smith*, No. 2:14-CV-10423, 2014 WL 2217238, *5 (E.D. Mich. May 29, 2014) (Drain, J.) (citing *Beightler* and holding that bad advice from fellow inmate or other non-lawyers does not warrant equitable tolling); *Chaffee v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010) (holding that a state inmate was not entitled to tolling based upon reliance upon helpers who were transferred or too busy to attend to petition. Moreover, the fact that Petitioner is untrained in the law, is (or was) proceeding without a lawyer or other legal assistance, or may have been unaware of the statute of limitations or mistaken about its application for a period of time does not warrant equitable tolling. *See, e.g.*, *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) ("Keeling's pro se status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and to excuse his late filing.");

*Allen*, 366 F.3d at 403 (explaining that ignorance of the law does not justify tolling). Thus, Petitioner fails to establish that she is entitled to equitable tolling under *Holland*.

Nor has Petitioner demonstrated her entitlement to equitable tolling based on actual innocence. Both the United States Supreme Court and the United States Court of Appeals for the Sixth Circuit have held that a credible claim of actual innocence may equitably toll the one-year statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 399–400 (2013); *Souter v. Jones*, 395 F.3d 577, 588–90 (6th Cir. 2005); *see also Holloway*, 166 F. Supp. 2d at 1190. As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327–28 (1995)); *see also House v. Bell*, 547 U.S. 518, 537–39 (2006). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence— that was not presented at trial." *Schlup*, 513 U.S. at 324. Significantly, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623.

Petitioner makes no such showing. Her contention that her habeas claims have merit and that her plea is invalid does not establish her actual innocence. *See Craig v. White*, 227 F. App'x 480, 481 (6th Cir. 2007). Her own self-serving, conclusory assertion of innocence is also insufficient to support an actual innocence claim. A "reasonable juror surely could discount [a petitioner's] own testimony in support of his own cause." *McCray v. Vasbinder*, 499 F.3d 568, 573 (6th Cir. 2007) (citing cases). Lastly,

Petitioner's guilty plea belies an actual innocence claim. *See Loving v. Mahaffey*, 27 F. App'x 925, 926 (10th Cir. 2001) (noting that a claim of actual innocence is difficult to establish, particularly when a defendant pleads guilty); *Reeves v. Cason*, 380 F. Supp. 2d 883, 885 (E.D. Mich. 2005) (Gadola, J.). Petitioner is not entitled to equitable tolling of the one-year period on the basis of actual innocence, and her habeas petition must be dismissed.

## IV. CERTIFICATE OF APPEALABILITY

Before Petitioner may appeal, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may only issue if a habeas petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Id.* The court concludes that jurists of reason would not find the court's procedural ruling debatable; thus, the court will deny a certificate of appealability.

## V. CONCLUSION

Based on the foregoing discussion, the court concludes that Petitioner did not file her habeas petition within the one-year limitations period set forth in 28 U.S.C.

§ 2244(d), that she is not entitled to statutory or equitable tolling, and that the statute of limitations precludes review of her habeas claims. Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus (ECF No. 1) is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

s/Robert H. Cleland<br>
ROBERT H. CLELAND<br>
UNITED STATES DISTRICT JUDGE

Dated: March 12, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 12, 2020, by electronic and/or ordinary mail.

s/Lisa Wagner<br>
Case Manager and Deputy Clerk<br>
(810) 292-6522

S:\Cleland\Cleland\HEK\Staff Attorney\19-13731.JONES.deny.2254.CTB.HEK.docx